Filed 10/18/13  P. v. Tygenhof CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072039 |
| v. | (Super. Ct. No. P09CRF0256) |
| RYAN RAYMOND TYGENHOF, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Ryan Raymond Tygenhof asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error, we affirm the judgment.

Defendant pled no contest to child endangerment.  (Pen. Code,[1] § 273a, subd. (a).) A count of lewd and lascivious acts with a child (§ 288, subd. (a)) and an allegation of substantial sexual conduct (§ 1203.066, subd. (a)(8)) were dismissed in the interest of justice.  Imposition of sentence was suspended and defendant was granted probation for four years.  He was ordered to pay various fines and fees and victim restitution.

---

[1]     Undesignated statutory references are to the Penal Code.

1

At the restitution hearing, the mother submitted a claim for mental health counseling expenses, family law attorney fees, relocation expenses, and lost wages. Due to the emotional stress caused by defendant's behavior with the child victim, the child's mother missed hundreds of hours of work between March 2008 and December 2010. The mother missed 471.5 hours of work in 2008, at $17.78 per hour; 987 hours of work in 2009, at $18.67 per hour; and 11 months of work in 2010, at $1,355 every two weeks. For the 11 months of 2010, the mother received $948 in state disability payments every two weeks, resulting in a net loss of $814 per month.

Following the restitution hearing, the trial court ordered defendant to pay victim restitution in the amount of $37,004.56 plus a 10-percent collection fee.

Appointed counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

HOCH , J.

We concur:

HULL , Acting P. J.

BUTZ , J.

2